UNITED STATES DISTRICT COURT
Eastern DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MOHAMMED H. SHAW,

                Plaintiff,

v.

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JOSEPH BAKER
SHIELD #25987 OF THE 75TH PRECINCT, AND
"JOHN DOE 1", PERSON EMPLOYED BY
NEW YORK CITY POLICE DEPARTMENT,

                Defendants.

-----------------------------------------------------------------x

CV 15 - 1173

Civil Action:

VERIFIED COMPLAINT
Jury Trial demanded

SCANLON, M.J.

## INTRODUCTION

Mohammed H. Shaw, of Kings County, New York hereby asserts the following claims against Defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: arrest;
2. Violation of 42 U.S.C. 1983: detention and confinement;
3. Violation of 42 U.S.C. 1983: refusing or neglecting to prevent;
4. Violation of 42 U.S.C. 1983: Excessive force;
5. Violation of 42 U.S.C. 1983: Malicious prosecution;
6. False arrest and imprisonment;
7. Battery;
8. Intentional infliction of emotional distress;
9. Negligence;

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. § 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this Court for the pendent claims is authorized by F.R.C.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

3. This cause of action arose in the County of Kings, State of New York which lies within the Eastern District of New York.

4. Venue is based on 28 U.S.C. 1391(b).

## I. PARTIES

5. Plaintiff MOHAMMED H. SHAW (Plaintiff) is a natural person residing at 220 Montgomery Street, Apt. 13A, County of Kings, City and State of New York; and was a resident of New York during all relevant times of this action.

6. Defendant THE CITY OF NEW YORK (NYC) is a municipal corporation, organized under the laws of the State of New York. NYC is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. NYC operates the New York City Police Department, and as such is the public employer of Defendant officers herein.

7. The New York City Police Department (NYPD) was and is an agency of NYC.

8. Defendant POLICE OFFICER JOSEPH BAKER (P.O. Baker) shield# 25987 was a NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NYC and within the scope of his employment. P.O. Baker is sued in his official and individual capacity.

9. Defendant "JOHN DOE 1", (P.O. Doe) was a NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NYC and within the scope of his employment. P.O. Officer is sued in his official and individual capacity.

10. That at all relevant times to this complaint Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant NYC was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of NYC.

## II. FACTS

11. On or about the March 8, 2014 at approximately 09:49 a.m. at or near 1130 Pennsylvania Avenue, County of Kings, City and State of New York, P.O. Baker and P.O. Doe arrested Plaintiff without probable cause.

12. Plaintiff called 911 to report that he was a victim of a robbery. P.O. Baker and P.O. Doe responded and falsely arrested Plaintiff. Defendant P.O. Baker placed Plaintiff in handcuffs and transported Plaintiff to the 75th precinct.

13. As a result of such contact Plaintiff was caused to suffer mental and physical injuries. Said actions by Defendants were performed with malice and bad faith and deliberate indifference to Plaintiff's rights.

14. Plaintiff was wrongfully accused and imprisoned in Kings County, New York on charges of VTL 1192 (1) Operating a motor vehicle under the influence of alcohol or drugs and other related charged for a period in excess of sixteen (16) hours. Plaintiff further made several appearances in Court to defend himself against said charges.

15. On or about September 2, 2014, all charges against Plaintiff were dismissed by motion of the Kings County District Attorney.

16. On the 13th day of January 2015, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the NYC.

17. At least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to NYC for adjustment for payment thereof and that NYC has neglected and/or refused to make adjustment or payment thereof.

### III. FIRST CAUSE OF ACTION
**Pursuant to 42 U.S.C. § 1983 (False Arrest)**

18. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 17 above with the same force and effect as if herein set forth.

19. At all times relevant herein the conduct of the Defendants were subject to 42 U.S.C. §'s 1983, 1985, 1986, and 1988.

20. The detention and arrest of Plaintiff without probable cause and without a lawful warrant was an abuse of power which constituted a seizure within the meaning of the Fourth Amendment of the United States Constitution and was an act taken by P.O. Baker and P.O. Doe with a deliberate indifference to Plaintiff's rights and privileges. The seizure and deprivation of Plaintiff's liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

21. Acting under the color of law, Defendants achieved a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit:

    a. By depriving Plaintiff of his liberty without due process of law, by taking Plaintiff into custody and holding him there against Plaintiff's will.

    b. By making an unreasonable search and seizure of Plaintiff's property without due process of law.

    c. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws.

    d. By refusing or neglecting to prevent such deprivations and denials to Plaintiff thereby depriving Plaintiff of the rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

22. Defendant NYC negligently trained Defendants P.O. Baker and P.O. Doe.

23. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## IV. SECOND CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Excessive force)

24. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 23 above with the same force and effect as if herein set forth.

25. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

26. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

27. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

28. That at the time of the arrest or while in custody, Plaintiff did not pose a threat to the safety of the arresting officers.

29. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

30. That Defendant NYC, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

31. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

32. That by reason of Defendants' acts and omissions, acting under color of law and within the scope of Defendants' authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

33. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

34. That upon information and belief, in 2014, Defendants and NYC had a policy or routine practice of using excessive force when effectuating arrests.

35. That upon information and belief, it was the policy and/or custom of Defendant NYC to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and

employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

36. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant NYC, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

37. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYC to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

38. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## V. THIRD CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Detention and Confinement)

39. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40. As a result of Defendants' concerted unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983.

41. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VI. FOURTH CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Refusing or Neglecting to Prevent)

42. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 above with the same force and effect as if herein set forth.

43. At all times relevant to the complaint, Defendants P.O. Baker and P.O. Doe, as police officers of the NYPD were acting under the direction and control of Defendant NYC.

44. Acting under color of law and pursuant to official policy P.O. Baker and P.O. Doe, the NYPD and NYC knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

   a. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

   b. Unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with is constitutional and statutory rights, privileges, and immunities;

   c. Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the laws of the State of New York;

   d. Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

45. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities.

46. Unlawfully and maliciously arresting, imprisoning and prosecuting Plaintiff, a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities.

47. Conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of New York.

48. Otherwise depriving Plaintiff of his constitutional and statutory rights privileges and immunities.

49. Defendants P.O. Baker and P.O. Doe, NYC and the NYPD had knowledge of or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants P.O. Baker and P.O. Doe, NYC and the NYPD had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

50. Defendants P.O. Baker and P.O. Doe, NYC and the NYPD directly or indirectly under color of law approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

51. As a direct and proximate cause of the negligent and intentional acts of Defendants P.O. Baker and P.O. Doe, NYC and the NYPD as set forth in paragraphs 1 through 50 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivations of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

52. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VII. FIFTH CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Malicious Prosecution)

53. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 52 above with the same force and effect as if herein set forth.

54. That Defendants with malicious intent, arrested Plaintiff and initiated criminal proceedings despite the knowledge that Plaintiff had committed no crime.

55. That all charges against Plaintiff have been dismissed.

56. That there was no probable cause for the arrests and criminal proceedings. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to unlawful, illegal and excessive detentions, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

57. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

58. That upon information and belief was the policy and/or custom of Defendant NYC to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

59. That as a result of the above described policies and customs, Defendant NYC, its staff, agents and employees of Defendant NYC believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

60. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYC to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

61. That in so acting, Defendant NYC abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

62. That upon information and belief, in 2014 and 2015, Defendant NYC had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

63. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VIII. SIXTH CAUSE OF ACTION
### Pursuant to State Law (Excessive force)

64. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 63 above with the same force and effect as if herein set forth.

65. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

66. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

67. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest or after Plaintiff was arrested and in custody.

68. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

69. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

70. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

71. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

72. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

73. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## IX. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (False Arrest and Imprisonment)

74. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 73 above with the same force and effect as if herein set forth.

75. At all times relevant herein Defendants acted with the intention of confining Plaintiff within fixed boundaries, directly resulting in the confinement of Plaintiff of which Plaintiff was aware and did not consent.

76. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## X. EIGHTH CAUSE OF ACTION
### Pursuant to State Law (Battery)

77. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 76 above with the same force and effect as if set forth herein.

78. Without the consent of Plaintiff, P.O. Baker and P.O. Doe intentionally, harmfully, and offensively touched Plaintiff.

79. As a result of Defendants conduct, Plaintiff was caused to suffer physical injury to wit: bruises and lacerations to his face, wrists, legs, right thumb and torso. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress,

post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. NINTH CAUSE OF ACTION.
### Pursuant to State Law (Intentional infliction of emotional harm)

80. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 79 above with the same force and effect as if set forth herein.

81. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by violating Plaintiff's constitutional rights, or by falsely arresting and imprisoning Plaintiff, or by interfering with Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

82. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized society. Defendants intended to cause emotion distress in Plaintiff and did cause such severe emotional distress.

83. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XII. TENTH CAUSE OF ACTION
### Pursuant to State law (Negligence)

84. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 83 above with the same force and effect as if herein set forth.

85. Defendants, P.O. Baker and P.O. Doe, the NYC and the NYPD, owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, the false arrest and imprisonment and the filing of criminal charges not supported by probable cause.

86. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XIII. ELEVENTH CAUSE OF ACTION
### Pursuant State Law (Malicious Prosecution)

87. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 86 above with the same force and effect as if herein set forth.

88. That Defendants acted with malicious intent, arrested Plaintiff and initiated criminal proceedings despite the knowledge that Plaintiff had committed no crime.

89. All charges against Plaintiff have been dismissed.

90. That there was no probable cause for the arrests and criminal proceedings.

91. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

92. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XIV. TWELFTH CAUSE OF ACTION
### Pursuant State Law (Negligence)

93. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 92 above with the same force and effect as if herein set forth.

94. That the actions of NYPD and Defendant NYC, by negligently hiring, training, screening, supervising and/or instructing Defendants P.O. Doe and P.O. Baker resulted in the false

arrest, detention, photographs and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

95. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XV. THIRTEENTH CAUSE OF ACTION
### Pursuant State Law (Negligence)

96. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 95 above with the same force and effect as if herein set forth.

97. That Defendant NYC, through the doctrine of Respondeat Superior, is liable for the actions of Defendants P.O. Baker and P.O. Doe which resulted in the false arrest, battery, use of excessive force, detention, photographs, finger-printing and searches of Plaintiff and his property, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## XVI. TRIAL BY JURY

98. Plaintiff hereby demands trial by jury.

**WHEREFORE,** Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus cost of the action, including attorney's fees, and such other relief deemed to be just and equitable. Actual, general, special and compensatory damages for Plaintiff.

Dated: March 6, 2015
New York, New York

Michael A. Delakas, Esq.
ATESHOGLOU & AIELLO, P.C.
Attorneys for Plaintiff
MOHAMMED H. SHAW
11 Park Place, Ste. 1715
New York, New York 10007
(212) 545-1740

## ATTORNEYS VERIFICATION

I, the undersigned, am an attorney duly admitted to practice in the court of the Eastern District of New York, and say:

That I am the attorney of record or counsel or of counsel with the attorney of record for the Plaintiff.

I have read the foregoing Summons and Complaint, and know the contents thereof; that same is true to affirmant's own knowledge except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

The reason I make this verification instead of the Plaintiff is that Plaintiff is not presently within the county where affirmant maintains his offices;

The grounds of affirmant's belief as to all matters not stated upon his knowledge are as follows: a review of the files in this matter and investigation and reports contained in said files.

Dated: New York, New York
March 6, 2015

_____
Michael A. Delakas, Esq.